UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA LOPEZ,<br><br>              Plaintiff,<br><br>    v.<br><br>ROSEMARY MELVILLE, District Director, San Francisco District, U.S. Citizenship and Immigration Services; SUSAN CURDA, District Director, Sacramento District, U.S. Citizenship and Immigration Services; EMILIO T. GONZALEZ, Director, Bureau of Citizenship and Immigration Services, U.S. Dept. of Homeland Security; MICHAEL CHERTOFF, U.S. Secretary of Homeland Security; ALBERTO GONZALEZ, U.S. Attorney General; ROBERT S. MUELLER, III, Director of the Federal Bureau of Investigation,<br><br>             Defendants. | 2:07-CV-1667-GEB-GGH<br><br><u>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE</u> |

         A November 8, 2007 minute order scheduled a Status (Pretrial Scheduling) Conference for January 22, 2008, and required the parties to file a joint status report no later than fourteen days prior to the

1

status conference.  Only Plaintiff has filed a status report.[1]

Therefore, Defendants are Ordered to Show Cause (OSC) in a writing to be filed no later than 4:00 p.m. on January 28, 2008, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for their failure to file a timely status report.

The written response(s) shall also state whether Defendants or their counsel are at fault, and whether a hearing is requested on the OSC.[2]  If a hearing is requested, it will be held on March 3, 2008, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.  In accordance with the requirements set forth in the Order Setting Status (Pretrial Scheduling) Conference filed August 15, 2007, a status report shall be filed no later than fourteen days prior to the rescheduled status conference.

IT IS SO ORDERED.

Dated:  January 11, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] Plaintiff states in her status report that "Defendants' counsel could not be reached in order to submit a joint status report."

[2] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2